UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHRINE R LEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No. 21-cv-03883-VKD<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 19 |

On May 24, 2021, plaintiff Cathrine Lee filed this action in federal court. Dkt. No. 1. She alleges that the Commissioner repeatedly has failed to respond to her requests for reinstatement of her disability benefits while she seeks reconsideration of the Commissioner's decision denying her benefits. *Id.* at 1. Ms. Lee appends to her complaint copies of three different requests for reconsideration. *Id.* at 3–7. On July 2, 2021, she also filed a letter asserting that she did not receive a "Goldberg Kelly" notice pursuant to Social Security Administration policy. *See* Dkt. No. 8 at 1, 3; *see* SI 2301.301 ("Overview of Goldberg/Kelly Processing"); SI 0201.310 ("Appeal and the Right to Goldberg Kelly (GK) Payment Continuation").

The Commissioner moves to dismiss Ms. Lee's complaint. Dkt. No. 19. Ms. Lee has not responded to the motion.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 9. The Court deems this matter suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the parties' papers, the Court denies in part and grants in part the Commissioner's motion to dismiss Ms. Lee's complaint, but will give Ms. Lee leave to amend.

## I. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts may adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

2

### B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

When the Court is evaluating a pro se complaint, it must construe the allegations liberally, and dismissal without leave to amend is proper only if "it is absolutely clear" that defects cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## II. DISCUSSION

Liberally construed, Ms. Lee's complaint alleges that the Commissioner has failed to act on her request to reconsider the cessation of her disability benefits, and further alleges that she is entitled to continued benefits pending the Commissioner's decision on reconsideration. Dkt. No. 1 at 1. The Commissioner moves to dismiss Ms. Lee's complaint on two grounds. First, the Commissioner contends that this Court lacks subject matter jurisdiction with respect to Ms. Lee's claim for continuation of her disability benefits pending reconsideration of the disability cessation determination. Dkt. No. 19 at 7. Second, the Commissioner contends that the complaint fails to state a claim upon which relief can be granted with respect to Ms. Lee's request for reconsideration. Dkt. No. 19 at 4.

### A. Continuation of Disability Benefits

The Commissioner argues that because the agency has already granted Ms. Lee's request to continue her disability benefits pending reconsideration, Ms. Lee's claim is moot and so this Court lacks subject matter jurisdiction. Dkt. No. 19 at 7–8. In support of this factual challenge to jurisdiction, the Commissioner has filed a declaration by a claims specialist employed by the agency, who avers that the agency issued Ms. Lee two payments of $4,614 and $1,714 on September 17, 2021 and October 1, 2021, representing a continuation of her supplemental security income and disability insurance benefits retroactive to the month when her benefits had ceased. *Id.* at 22–23. Accordingly, the Commissioner contends that Ms. Lee's request to have her benefits continued is moot. *Id.* at 7–8.

The Commissioner also relies on a declaration by a management analyst employed by the agency, who attests that Ms. Lee's March 31, 2021 request for reconsideration of the cessation of her supplemental security income and disability benefits remains pending before the agency. Dkt. No. 19 at 10–11. Presumably, Ms. Lee has a continuing right to receive benefits until the month she receives the Commissioner's decision on reconsideration. DI 12027.020 ("Determining Statutory Benefit Continuation (SBC) Payment Months") (effective May 21, 2021) (setting forth policy for the last month of SBC Payment). It is not clear whether Ms. Lee continues to receive benefits pending the Commissioner's decision, and so the Court may not conclude as a matter of

4

law that her claim is moot based on the Commissioner's representation that she received payments in September and October 2021.

For this reason, the Court denies the Commissioner's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

### B. Pending Request for Reconsideration

The Commissioner also argues that because Ms. Lee has not exhausted her administrative remedies as to her claim regarding her request for reconsideration of the agency's decision to terminate her benefits, Ms. Lee has failed to state a claim upon which relief may be granted. Dkt. No. 19 at 4–7. Specifically, the Commissioner represents that Ms. Lee's reconsideration request remains pending, and so it is impossible for Ms. Lee to have exhausted her administrative remedies because she has not yet received a final decision under 42 U.S.C. § 405(g). *Id.* at 5–6.

The Commissioner's argument misses the mark. Ms. Lee's claim is properly interpreted as an argument that the agency has taken too long to decide her reconsideration request, which Ms. Lee represents she filed on March 22, 2021. Dkt. No. 1 at 3. Liberally construed, her claim appears to be either a petition for writ of mandamus under 28 U.S.C. § 1361 (providing that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff") or a claim under the Administrative Procedure Act to "compel agency action . . . unreasonably delayed." 5 U.S.C. § 706(1).

"[I]n certain circumstances, mandamus jurisdiction may be available in Social Security cases against the Commissioner." *Laurie Q. v. Callahan*, 973 F. Supp. 925, 933 (N.D. Cal. 1997) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *Briggs v. Sullivan*, 886 F.2d 1132, 1142 (9th Cir. 1989)) (confirming that Ninth Circuit caselaw holds that mandamus may lie against the Commissioner of Social Security); *Kildare v. Saenz*, 325 F.3d 1078, 1084–85 (9th Cir. 2003) (same). Further, because the Supreme Court has construed a claim seeking mandamus relief to order an agency to act under 28 U.S.C. § 1361 as "in essence" one for relief under § 706 of the Administrative Procedure Act, *see Indep. Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (1997) (quoting *Japan Waling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 230 n.4 (1986)); *see also*

*Vaz v. Neal*, No. 21-15913, 2022 WL 1446984, at *3 (9th Cir. May 9, 2022), this Court may "elect" to analyze Ms. Lee's entitlement to relief under the APA.

However, under either framework, Ms. Lee's pleading is too cursory to state a claim for relief. To the extent that the Court analyzes her claim as one for mandamus relief, Ms. Lee's one-paragraph complaint (Dkt. No. 1 at 1) does not allege facts sufficient to support a plausible claim that the official's duty in this instance is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and that no other remedy is available." *Kildare*, 325 F.3d at 1084 (citing necessary conditions for mandamus relief set forth in *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)); *see also Harris v. Acts Syrene Apartments*, No. 22-cv-00405-JCS, 2022 WL 767190, at *6 (N.D. Cal. Mar. 13, 2022). To the extent that the Court analyzes her claim as one under the APA, the complaint does not allege facts sufficient to support a plausible claim that the agency's delay is unreasonable—that is, not governed by a rule of reason. *See Vaz*, 2022 WL 1446984, at *5–6 (the "most important" factor in assessing unreasonable-delay claims is whether "the time agencies take to make decisions [are] governed by a 'rule of reason'") (citing *Telecommunications Research & Action Center v. FCC* (*"TRAC"*), 750 F.2d 70, 79–80 (D.C. Cir. 1984) and *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017)). In *Vaz*, the Ninth Circuit affirmed the district court's denial of relief under the APA because the plaintiff "developed no argument showing that the [agency's] delay was unreasonable under the *TRAC* factors." 2022 WL 1446984, at *5–6.

Accordingly, the Court grants the Commissioner's motion to dismiss Ms. Lee's claim that her reconsideration request has been unreasonably delayed.

### III.    LEAVE TO AMEND

While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)). Because the Court cannot say that amendment would be futile as to Ms. Lee's unreasonable-delay claim, the Court grants Ms. Lee leave to amend this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Commissioner's motion to dismiss her complaint as follows:

(1) the motion to dismiss Ms. Lee's claim to reinstate her benefits is denied.

(2) the motion to dismiss Ms. Lee's unreasonable-delay claim is granted with leave to amend.

Ms. Lee may file an amended complaint by **June 24, 2022**.

**IT IS SO ORDERED.**

Dated: June 3, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge