1

2

3

4                          UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8     CATHRINE R LEE,                          Case No.  21-cv-03883-VKD

                    Plaintiff,
9
                                               **ORDER GRANTING DEFENDANT'S**
10          v.                                 **MOTION TO DISMISS**

11    KILOLO KIJAKAZI,                          Re: Dkt. No. 32

                    Defendant.
12

13

14          Pending before the Court is defendant Commissioner of Social Security Kilolo Kijakazi's

15   motion to dismiss plaintiff Cathrine R. Lee's complaint.[1]  Dkt. No. 32.  Ms. Lee has not responded

16   to the motion.  Pursuant to Civil Local Rule 7-1(b), the Court deemed this matter suitable for

17   determination without oral argument.  Dkt. No. 33.  For the reasons discussed below, the Court

18   grants the Commissioner's motion to dismiss.

19          In May of 2010, Ms. Lee applied for and was granted disability insurance benefits and

20   supplemental security income benefits.  *See* Dkt. No. 25, Robertson Decl. ¶ 3.  On February 21,

21   2021, the Commissioner completed a continuing disability review ("CDR") of Ms. Lee's case.

22   Dkt. No. 32 at 3.  This review resulted in the agency terminating Ms. Lee's benefits.  *Id.*  On

23   March 31, 2021, Ms. Lee filed a request for reconsideration of the CDR decision and an untimely

24   request for continued benefits (to be received while her request for reconsideration was pending).

25   *Id.*  On May 24, 2021, Ms. Lee filed this action.  Dkt. No. 1.  She alleges that the Commissioner

26   repeatedly failed to respond to her requests for reinstatement of her disability benefits while she

27

28   _____

[1] All parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 7, 9.

United States District Court
Northern District of California

1    sought reconsideration of the Commissioner's decision.  *Id.* at 1.

2         On November 2, 2021, the Commissioner filed a first motion to dismiss Ms. Lee's

3    complaint.  Dkt. Nos. 19, 25.  The Court liberally construed Ms. Lee's complaint as alleging (1)

4    that the Commissioner unreasonably delayed action on her request to reconsider the cessation of

5    her disability benefits, and (2) that Ms. Lee is entitled to continued benefits pending the

6    Commissioner's decision on reconsideration.  Dkt. No. 21 at 4.  The Court dismissed, with leave

7    to amend, Ms. Lee's claim that the Commissioner unreasonably delayed action on her request for

8    reconsideration.  *See id.* at 5-6.  However, the Court denied the Commissioner's motion to dismiss

9    Ms. Lee's claim that she is entitled to continuing benefits that the agency had not provided, citing

10   insufficient evidentiary support for the Commissioner's representation that Ms. Lee was

11   continuing to receive such benefits.  *See id.* at 4-5.  The Court gave Ms. Lee until June 24, 2022 to

12   amend her unreasonable-delay claim.  *Id.* at 7.  Ms. Lee did not file an amended pleading.

13        The Commissioner has filed a second motion to dismiss Ms. Lee's continuing-benefits

14   claim on the ground that the Court lacks subject matter jurisdiction over this claim.  Dkt. No. 32 at

15   4.  The Commissioner argues that Ms. Lee continued to receive all of the benefits to which she

16   was entitled pending the Commissioner's decision on reconsideration and her claim is now moot.

17   *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("An actual controversy must be

18   extant at all stages of review, not merely at the time the complaint is filed.") (internal quotation

19   marks and citation omitted).

20        A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373

21   F.3d 1035, 1039 (9th Cir. 2004).  Here, the commissioner makes a factual challenge to the Court's

22   subject matter jurisdiction.  In resolving a factual dispute as to the existence of subject matter

23   jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a

24   motion to dismiss into one for summary judgment.  *Id.*  Once the moving party has made a factual

25   challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the

26   party opposing the motion must "present affidavits or any other evidence necessary to satisfy its

27   burden of establishing that the court, in fact, possesses subject matter jurisdiction."  *St. Clair v.*

28   *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*

United States District Court
Northern District of California

1     *Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

2        The Commissioner argues that the Court lacks subject matter jurisdiction over Ms. Lee's

3 complaint.  Specifically, the Commissioner says that Ms. Lee has received all continuing benefits

4 to which she was entitled and her claim is now moot.  Dkt. No. 32 at 4.  In support of this factual

5 challenge to jurisdiction, the Commissioner relies on the declaration of a claims specialist

6 employed by the agency, who avers that the agency issued Ms. Lee two payments of $4,614 and

7 $1,714 on September 17, 2021 and October 1, 2021, representing a continuation of her

8 supplemental security income and disability insurance benefits retroactive to the month when her

9 benefits had ceased.  Dkt. No. 32-1, Gilliam-Banks Decl. ¶¶ 8-9.  The claims specialist further

10 attests that Ms. Lee continued to receive benefits in a total amount of $956.19 per month each

11 month since then until her request for reconsideration was finally denied on September 15, 2022.

12 *Id.* ¶ 10-11; *see also* Dkt. No. 32-1 at 10-18.  As noted, Ms. Lee has not responded to the

13 Commissioner's motion to dismiss and does not contest the facts asserted in the declaration.

14        In light of the above, the Court finds that Ms. Lee's claim is moot because she has received

15 all requested relief.  Accordingly, the Commissioner's motion to dismiss for lack of subject matter

16 jurisdiction is granted.  *See Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir.

17 1999).

18        The Clerk of the Court shall close the file.

19        **IT IS SO ORDERED.**

20 Dated: December 5, 2022

21

22

23                                       VIRGINIA K. DEMARCHI
United States Magistrate Judge

24

25

26

27

28

United States District Court
Northern District of California